**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **RYAN SHEARD, Individually and on behalf of all others similarly situated** | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | **Civil Action No. 2:15-cv-00323** |
| | § | |
| **NITRO FLUIDS, LLC, TANNER L. KORICANEK TRUST, WYATT J. KORICANEK TRUST, and JACKIE R. SIMPSON, JR., Individually and in their Official Capacities** | § | **JURY DEMANDED** |

**DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants NITRO FLUIDS, LLC, ("Nitro") TANNER L. KORICANEK TRUST, WYATT J. KORICANEK TRUST, and JACKIE R. SIMPSON, JR., INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES (hereinafter collectively "Defendants") and file this Original Answer and respectfully show the Court as follows:

## I. ANSWERS TO SPECIFIC ALLEGATIONS IN PLAINTIFFS'[1] COLLECTIVE ACTION COMPLAINT

Defendants respond as follows to the numbered paragraphs in Plaintiffs' Complaint:

### PLAINTIFFS' OVERVIEW

1. The allegations in paragraph 1.1 do not contain any factual allegation for which any response is required. To the extent a response is required, Defendants deny that a collective action is appropriate, that Sheard and Putative Class Members are entitled to additional

[1] As used herein, "Sheard" refers to Plaintiff Ryan Sheard. "Plaintiffs" refers to Sheard and Putative Class Members, collectively.

compensation, that any claim is proper, or that Plaintiffs are entitled to any relief whatsoever. All allegations and inferences in paragraph 1.1 not specifically admitted are denied.

2. With respect to paragraph 1.2, Nitro admits that Ryan Sheard worked for Nitro within the last two years. Defendants deny that Sheard did not receive overtime compensation for all hours worked over forty (40) in each workweek. Defendants deny that a collective action is appropriate. All allegations in paragraph 1.2 which are not specifically admitted are denied.

3. The allegations in paragraph 1.3 do not contain any factual allegation for which any response is required. All allegations and inferences in paragraph 1.1 not specifically admitted are denied.

4. With respect to paragraph 1.4, Nitro admits that Sheard worked in excess of forty (40) hours per workweek on a regular basis. Defendants deny that a collective action is appropriate. All allegations in paragraph 1.4 which are not specifically admitted are denied.

5. Defendants deny the allegations in paragraph 1.5.

6. Defendants deny the allegations in paragraph 1.6.

7. Defendants deny the allegations in paragraph 1.7.

8. With respect to paragraph 1.8, Nitro admits that during part of Sheard's employment he was assigned duties as a helper that may require technical skill or manual labor at times. Defendants deny that a collective action is appropriate. All allegations in paragraph 1.8 which are not specifically admitted are denied.

9. The allegations in paragraph 1.9 do not contain any factual allegation for which any response is required. To the extent a response is required, Defendants deny that a collective action is appropriate, that Sheard and Putative Class Members are entitled to additional

compensation, that any claim is proper, or that Plaintiffs are entitled to any relief whatsoever. All allegations and inferences in paragraph 1.9 not specifically admitted are denied.

10. The allegations in paragraph 1.10 do not contain any factual allegation for which any response is required. To the extent a response is required, Defendants deny that a collective action is appropriate, that Sheard and Putative Class Members are entitled to additional compensation, that any claim is proper, or that Plaintiffs are entitled to any relief whatsoever. All allegations and inferences in paragraph 1.10 not specifically admitted are denied.

**THE PARTIES**

11. With respect to paragraph 2.1, Nitro admits that Ryan Sheard was employed by Nitro within the previous two years. Defendants are without sufficient information and knowledge regarding Sheard's current resident status. All allegations in paragraph 2.1 which are not specifically admitted are denied.

12. With respect to paragraph 2.2, Defendants acknowledge that Plaintiffs attempt to define a class of employees including "those current and former employees who worked for Defendants in the past three years and have been subjected to the same illegal pay system under which Plaintiff worked and was paid." Unless otherwise admitted, Defendants deny any factual basis for which paragraph 2.2 may pertain, that any claim is proper, that any class is appropriate in this matter or that Plaintiffs are entitled to any relief whatsoever. With limiting the generality of the above, Defendants deny that the purported class description is accurate or consistent with facts, and asserts that it is overly broad.

13. Defendants admit the allegations in paragraph 2.3 of the Complaint.

14. With respect to paragraph 2.4, Defendants are without sufficient information to determine if the Tanner L. Koricanek Trust is/was a stockholder of Nitro Fluids, LLC at all

material times relevant to these allegations. Defendants deny that the Tanner L. Koricanek Trust is a current or former employer of Sheard. Defendants admit that the Tanner L. Koricanek Trust may be served with process at 117 Broadway, Nordheim, Texas 78141. All allegations in paragraph 2.4 which are not specifically admitted are denied.

15. With respect to paragraph 2.5, Defendants are without sufficient information to determine if the Wyatt J. Koricanek Trust is/was a stockholder of Nitro Fluids, LLC at all material times relevant to these allegations. Defendants deny that the Wyatt J. Koricanek Trust is a current or former employer of Sheard. Defendants admit that the Wyatt J. Koricanek Trust may be served with process at 117 Broadway, Nordheim, Texas 78141. All allegations in paragraph 2.5 which are not specifically admitted are denied.

16. With respect to paragraph 2.6, Defendants are without sufficient information to determine if Jackie R. Simpson, Jr. is/was a stockholder of Nitro Fluids, LLC at all material times relevant to these allegations. Defendants deny that Jackie R. Simpson, Jr. is a current or former employer of Sheard. Defendants admit that Jackie R. Simpson may be served with process at 14714 Santa Gertrudis, Corpus Christi, Texas 78410. All allegations in paragraph 2.6 which are not specifically admitted are denied.

**JURISDICTION & VENUE**

17. With respect to paragraph 3.1, Defendants admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*.

18. With respect to paragraph 3.2, Defendants admit that this Court has personal jurisdiction. Unless otherwise admitted, Defendants deny any factual basis for which paragraph

3.2 may pertain, that any claim is proper and deny that Plaintiffs are entitled to any relief whatsoever.

19. With respect to paragraph 3.3, Defendants admit that venue is proper in this Court. Unless otherwise admitted, Defendants deny any factual basis for which paragraph 3.2 may pertain, that any claim is proper and deny that Plaintiffs are entitled to any relief whatsoever.

20. With respect to paragraph 3.4, Defendants admit that they do business in and that one or more Defendants reside in this District and Division.

21. With respect to paragraph 3.5, Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Unless otherwise admitted, Defendants deny any factual basis for which paragraph 3.2 may pertain, that any claim is proper and deny that Plaintiffs are entitled to any relief whatsoever.

## FLSA COVERAGE

22. Defendants admit the allegations in paragraph 4.1.

23. Defendants admit the allegations in paragraph 4.2.

24. Defendants admit the allegations in paragraph 4.3.

25. With respect to paragraph 4.4, Nitro admits that Sheard provided services for Nitro that involved interstate commerce. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member provided services for Defendants in interstate commerce. All allegations in paragraph 4.4 which are not specifically admitted are denied.

26. With respect to paragraph 4.5, Nitro admits that Sheard was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the Fair Labor Standards Act. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the Fair Labor Standards Act. All allegations in paragraph 4.5 which are not specifically admitted are denied.

27. With respect to paragraph 4.6, Nitro admits that Sheard was engaged in activities related to oilfield services activities on behalf of Nitro. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member was engaged in activities related to oilfield services activities on behalf of Defendants. All allegations in paragraph 4.6 which are not specifically admitted are denied.

28. With respect to paragraph 4.7, Defendants admit that Sheard was engaged in commerce or in the production of goods for commerce pursuant to 29 U.S.C. §§ 206-207. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member was engaged in commerce or in the production of goods for commerce pursuant to 29 U.S.C. §§ 206-207. All allegations in paragraph 4.7 which are not specifically admitted are denied.

29. With respect to paragraph 4.8, Defendants acknowledge that Plaintiffs attempt to define a class of employees including "all current and former non-management employees who

worked for Nitro Fluids, LLC, at any time from July 28, 2012 to the present." Unless otherwise admitted, Defendants deny any factual basis for which paragraph 4.8 may pertain, that any claim is proper, that any class is appropriate in this matter or that Plaintiffs are entitled to any relief whatsoever. With limiting the generality of the above, Defendants deny that the purported class description is accurate or consistent with facts, and assert that it is overly broad.

30. With respect to paragraph 4.9, Defendants admit that the precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Nitro. Defendants acknowledge that Plaintiffs attempt to define a class of employees including "those current and former employees who worked for Defendants in the past three years and have been subjected to the same illegal pay system under which Plaintiff worked and was paid." Unless otherwise admitted, Defendants deny any factual basis for which paragraph 4.9 may pertain, that any claim is proper, that any class is appropriate in this matter or that Plaintiffs are entitled to any relief whatsoever.

**FACTS**

31. Defendants admit the allegations contained in paragraph 5.1.

32. With respect to paragraph 5.2, Defendants admit that Sheard was employed by Nitro as a flowback technician. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member was employed by Nitro in any capacity. All allegations in paragraph 5.2 which are not specifically admitted are denied.

33. With respect to paragraph 5.3, Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member had any

specific job title or duty. All allegations in paragraph 5.3 which are not specifically admitted are denied.

34. With respect to paragraph 5.4, Nitro admits that Sheard worked for Nitro from approximately November 2013 through April 2014. All allegations in paragraph 5.4 which are not specifically admitted are denied.

35. With respect to paragraph 5.5, Nitro admits that during Sheard's employment he was assigned to tasks that included assisting with the preparation of equipment throughout various job sites throughout Texas. All allegations in paragraph 5.5 which are not specifically admitted are denied.

36. With respect to paragraph 5.6, Nitro admits that Sheard was expected to perform his work within certain guidelines. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member was expected to perform any particular job function or duty. All allegations in paragraph 5.6 which are not specifically admitted are denied.

37. With respect to paragraph 5.7, Nitro admits that Sheard was not required to have a college education or advanced degree to be qualified for his job and that during Sheard's employment he was assigned to tasks that included assisting with the preparation of equipment, which may be technical in nature. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member was expected to perform any particular job function or duty. All allegations in paragraph 5.7 which are not specifically admitted are denied.

38. With respect to paragraph 5.8, Nitro admits that while employed by Nitro, Sheard was required to use his hands to perform work, often in the oilfield. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member was expected to perform any particular job function or duty. All allegations in paragraph 5.8 which are not specifically admitted are denied.

39. Defendants deny allegations in paragraph 5.9. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member was expected to perform any particular job function or duty. All allegations in paragraph 5.9 which are not specifically admitted are denied.

40. Defendants deny allegations in paragraph 5.10. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member was expected to perform any particular job function or duty. All allegations in paragraph 5.10 which are not specifically admitted are denied.

41. Defendants deny allegations in paragraph 5.11. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member was expected to perform any particular job function or duty. All allegations in paragraph 5.11 which are not specifically admitted are denied.

42. With respect to paragraph 5.12, Nitro admits that Sheard worked 12-14 hours shifts on a regular basis; however, Nitro denies that Sheard worked a minimum of 84 hours per

week for all workweeks. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member worked any particular number of hours. All allegations in paragraph 5.12 which are not specifically admitted are denied.

43. With respect to paragraph 5.13, Nitro admits that Sheard received bonus compensation in addition to his regular base pay. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member received any specific compensation. All allegations in paragraph 5.13 which are not specifically admitted are denied.

44. With respect to paragraph 5.14, Nitro admits that Sheard received bonus compensation in addition to his regular base pay. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member received any specific compensation. All allegations in paragraph 5.14 which are not specifically admitted are denied.

45. With respect to paragraph 5.15, Nitro admits that Sheard received bonus compensation in addition to his regular base pay. Nitro admits that it considered certain criteria prior to determining that Sheard would be compensated with bonus pay. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether or why any unnamed Putative Class Member received any specific compensation. All allegations in paragraph 5.15 which are not specifically admitted are denied.

46. With respect to paragraph 5.16, Nitro admits that Sheard received bonus compensation in addition to his regular base pay. Nitro admits that it considered certain criteria prior to determining if Sheard would be compensated with bonus pay. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether or why any unnamed Putative Class Member received any specific compensation, if any. All allegations in paragraph 5.16 which are not specifically admitted are denied.

47. The allegations in paragraph 5.17 do not contain any factual allegation for which any response is required. To the extent a response is required, Defendants deny that a collective action is appropriate, that Sheard and Putative Class Members are entitled to additional compensation, that any claim is proper, or that Plaintiffs are entitled to any relief whatsoever. All allegations and inferences in paragraph 5.17 not specifically admitted are denied.

48. The allegations in paragraph 5.18 do not contain any factual allegation for which any response is required. To the extent a response is required, Defendants deny that a collective action is appropriate, that Sheard and Putative Class Members are entitled to additional compensation, that any claim is proper, or that Plaintiffs are entitled to any relief whatsoever. All allegations and inferences in paragraph 5.18 not specifically admitted are denied.

49. With respect to paragraph 5.19, Nitro admits that Sheard regularly worked in excess of forty (40) hours per workweek. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether or why any unnamed Putative Class Member worked any particular schedule. All allegations in paragraph 5.19 which are not specifically admitted are denied.

50. The allegations in paragraph 5.20 do not contain any factual allegation for which any response is required. To the extent a response is required, Defendants deny that a collective action is appropriate, that Sheard and Putative Class Members are entitled to additional compensation, that any claim is proper, or that Plaintiffs are entitled to any relief whatsoever. All allegations and inferences in paragraph 5.20 not specifically admitted are denied.

## CAUSES OF ACTION

51. Defendants deny the allegations in paragraph 6.1. Defendants further deny that Plaintiffs are entitled to any relief whatsoever at law or in equity.

52. Defendants deny the allegations in paragraph 6.2. Defendants further deny that Plaintiffs are entitled to any relief whatsoever at law or in equity.

53. Defendants deny the allegations in paragraph 6.3. Defendants further deny that Plaintiffs are entitled to any relief whatsoever at law or in equity.

54. Defendants deny the allegations in paragraph 6.4. Defendants further deny that Plaintiffs are entitled to any relief whatsoever at law or in equity.

55. Defendants deny the allegations in paragraph 6.5. Defendants further deny that Plaintiffs are entitled to any relief whatsoever at law or in equity.

56. Defendants deny the allegations in paragraph 6.6. Defendants further deny that Plaintiffs are entitled to any relief whatsoever at law or in equity.

57. Defendants deny the allegations in paragraph 6.7. Defendants further deny that Plaintiffs are entitled to any relief whatsoever at law or in equity.

## COLLECTIVE ACTION ALLEGATIONS

58. The allegations in paragraph 6.8 do not contain any factual allegation for which any response is required. To the extent a response is required, Defendants deny that a collective

action is appropriate, that Sheard and Putative Class Members are entitled to additional compensation, that any claim is proper, or that Plaintiffs are entitled to any relief whatsoever. All allegations and inferences in paragraph 5.20 not specifically admitted are denied.

59. Defendants deny the allegations in paragraph 6.9.

60. With respect to paragraph 6.10, Defendants acknowledge that Plaintiffs attempt to define a class of employees including "all current and former non-management employees who worked for Nitro Fluids, LLC, at any time from July 28, 2012 to the present." Unless otherwise admitted, Defendants deny any factual basis for which paragraph 6.10 may pertain, that any claim is proper, that any class is appropriate in this matter or that Plaintiffs are entitled to any relief whatsoever. With limiting the generality of the above, Defendants deny that the purported class description is accurate or consistent with facts, and assert that it is overly broad.

61. Defendants deny the allegations in paragraph 6.11. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants further deny that Plaintiffs are entitled to any relief whatsoever at law or in equity.

62. Defendants deny the allegations in paragraph 6.12. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants further deny that Plaintiffs are entitled to any relief whatsoever at law or in equity.

63. Defendants deny the allegations in paragraph 6.13. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants further deny that Plaintiffs are entitled to any relief whatsoever at law or in equity.

64. The allegations in paragraph 6.14 do not contain any factual allegation for which any response is required. To the extent a response is required, Defendants deny that a collective action is appropriate, that Sheard and Putative Class Members are entitled to additional compensation, that any claim is proper, or that Plaintiffs are entitled to any relief whatsoever. All allegations and inferences in paragraph 6.14 not specifically admitted are denied.

65. Defendants deny the allegations in paragraph 6.15. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants further deny that Plaintiffs are entitled to any relief whatsoever at law or in equity.

66. With respect to paragraph 6.16, Nitro admits that while employed with Nitro, Sheard was assigned to projects in Texas. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants can neither admit nor deny whether any unnamed Putative Class Member was assigned to any specific project location. All allegations in paragraph 6.16 which are not specifically admitted are denied.

67. Defendants deny the allegations in paragraph 6.17. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants further deny that Plaintiffs are entitled to any relief whatsoever at law or in equity.

68. Defendants deny the allegations in paragraph 6.18. Defendants acknowledge that Plaintiffs attempt to define a class of non-exempt employees. Defendants deny that any class is appropriate. Defendants further deny that Plaintiffs are entitled to any relief whatsoever at law or in equity.

69. With respect to paragraph 6.19, Defendants acknowledge that Plaintiffs attempt to define a class of employees including "all current and former non-management employees who worked for Nitro Fluids, LLC, at any time from July 28, 2012 to the present." Unless otherwise admitted, Defendants deny any factual basis for which paragraph 6.19 may pertain, that any claim is proper, that any class is appropriate in this matter or that Plaintiffs are entitled to any relief whatsoever. With limiting the generality of the above, Defendants deny that the purported class description is accurate or consistent with facts, and assert that it is overly broad.

**RELIEF SOUGHT**

70. With respect to Plaintiffs' "RELIEF SOUGHT", including all sub-paragraphs thereto, Defendants deny that there is any factual basis for the claims or that Plaintiffs are entitled to any relief at law or in equity. All allegations and inferences in Plaintiffs' "RELIEF SOUGHT" which are not specifically admitted are denied.

## II. AFFIRMATIVE DEFENSES

71. The following affirmative and additional defenses and/or avoidances are alleged on information and belief and, except as expressly stated otherwise, each defense applies to the entire Collective Action Complaint and to each purported cause of action or claim for relief therein and to each person on whose behalf Plaintiff seeks to represent. Defendants reserve the right to amend or withdraw any and all defenses or to raise any and all additional defenses as or after they become known during or after the course of investigation, discovery, or trial.

71. No assertion of any affirmative or additional defense, or any matter claimed in avoidance shall constitute either an admission that Plaintiff does not bear the burden of proof or the burden of producing evidence on any element of any cause of action or claim for relief or on any issue as to which Plaintiff bears the burden of proof or the burden of producing evidence as a

matter of law, or a waiver of any of Defendants' rights to require that any Plaintiff satisfy any burden of proof or burden of producing evidence.

a) Plaintiffs' claims against Defendants are barred in whole or in part by limitations.

b) All actions regarding the subject matter alleged in the causes of action, and each of them, were lawful and proper and undertaken in good faith, with the absence of malicious intent to injure Plaintiffs.

c) To the extent that any overtime is due, Defendants are entitled to offset all amounts paid at premium rate or that qualify as overtime premiums.

d) Sheard is not a proper class representative and cannot fairly and adequately represent the interest of the Potential Class Members.

e) Plaintiffs are estopped from denying the method of payment used, or their knowledge or agreement to be paid in the manner Nitro paid them.

f) Plaintiff is not entitled to any compensation for time not working, including without limitation, sleep time, time waiting to be engaged, break time, and meal periods.

g) Plaintiff is not entitled to any compensation for time in which he was engaged in or had the opportunity to engage in personal pursuits, or was relieved of work duties.

h) Any amounts properly excluded from the calculation of the regular rate of pay pursuant to the FLSA must be excluded from the calculation of any overtime rate of pay which may be found to be due Plaintiff.

i) Defendants are entitled to statutory credit toward any overtime compensation sought by Plaintiff for any straight time or overtime payments that Defendants have already made during the relevant time period.

j) Plaintiffs' claims are barred to the extent that the time for which compensation is sought is de minimis and therefore not compensable.

k) Plaintiffs' claims are barred and Defendant is entitled to offset to the extent they involve time during which they were engaged (i) in walking, riding or traveling to and from the actual place(s) they performed the principal activities they performed, or (ii) in activities which were preliminary or postliminary to their principal activities.

l) Plaintiffs' claims are barred to the extent they seek compensation for periods excluded under the Portal-to-Portal Act.

m) Plaintiffs' claims are barred for any periods in which they were exempt from overtime, including but not limited to:

   i. Periods when they were exempt under FLSA, § 213; and

   ii. Periods during which they were subject to work duties for which the Secretary of Transportation has power to establish qualifications and maximum hours of service.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs take nothing and that Defendants recover their costs and fees herein expended, and that Defendants be granted all other relief to which it may show itself to be entitled.

Respectfully submitted,

BRANSCOMB | PC
802 North Carancahua, Suite 1900

Corpus Christi, Texas 78401
Telephone: (361) 886-3800
Facsimile: (361) 886-3805

By: /s/ James H. Robichaux
James H. Robichaux
Attorney in Charge
TSB # 17083000
Fed. I.D. # 2208
jrobichaux@branscombpc.com
Keith B. Sieczkowski
TSB # 18341650
Fed. I.D. # 7118
ksieczkowski@branscombpc.com
Heather M. Lucas
TSB # 24075304
Fed. I.D. # 1223427
hlucas@branscombpc.com
Allison E. Moore
TSB # 24077616
Fed. I.D. # 1512930
Amoore@branscombpc.com

ATTORNEYS FOR DEFENDANTS NITRO FLUIDS, LLC, TANNER L. KORICANEK TRUST, WYATT J. KORICANEK TRUST, and JACKIE R. SIMPSON, JR., INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document *Defendants' Original Answer to Plaintiff's First Amended Collective Action Complaint* was forwarded to counsel of record in accordance with the Local and FED.R.CIV.P. on this 18th day of September, 2015.

Clif Alexander
Austin W. Anderson
Phipps Anderson Deacon LLP
819 N. Upper Broadway
Corpus Christi, Texas 78401
calexander@phippsandersondeacon.com
aanderson@phippsandersondeacon.com
ATTORNEY FOR PLAINTIFF and
POTENTIAL CLASS MEMBERS

Via: Facsimile at: (361) 452-1284

/s/ James H. Robichaux
James H. Robichaux